is Terry Klein and others versus Cadian Capital Management. Good morning, Your Honor. May it please the court, my name is Paul Wexler. Along with Mr. Ostreger, we are the attorneys for the appellants who are Terry Klein, who is a shareholder of Click Technologies and Click Technologies. We're asking the court to reverse an order of Judge Ramos below in which he found, initially finding that there was subject matters jurisdiction over this 16B action, found that the jurisdiction had been lost as a result of Ms. Klein's shareholdings being cashed out. We believe that the court erred. We believe that there's no lack of subject matter jurisdiction. There was no Article III case or controversy issue. And that there's essentially a run-of-the-mill substitution of a shareholder by the issuer, who is not only the real party in interest, is the paradigm of the real party in interest, in the sense that the monies in the 16B discouragement action go back to the issuer. You're saying this is not jurisdiction, it's mootness? Yes, that's exactly what I'm saying. And as we are aware, once the court has initial jurisdiction, which is the law of the case here, that there was initial jurisdiction- No one disputes that. Sorry? No one disputes that. No, no one disputes that. That's Second Circuit law. Judge Ramos exopted it. Once you have jurisdiction, if something, issue like this comes up, that's what the Federal Rules of Civil Procedure are designed to do, is to cure these issues so that the cases can be decided on their merits. We could draw an analogy to a class action. We can, or Rule 20, excuse me. No, that's- It's exactly what this is. Terry Klein was a representative. When she was cashed out, she lost her economic interest, but the court didn't lose subject matter jurisdiction. Standing was there in ab initio, and it remained there all the way through the action. How long was the period where Terry Klein was cashed out, and there was a move to substitute Klick? She was cashed out, I believe, in August of 2016. The case was stayed, and everybody's substantive and procedural rights were preserved by court order. We were waiting for a decision in a related case on some of the legal issues relating to 16b. Also before Judge Ramos, Judge Ramos decided the motion to dismiss against the defendants, reactivating this case, and Klick, upon seeing that Terry Klein had been cashed out, decided to retain Mr. Ostreger and myself to continue the case in their own name so that the case wouldn't be lost. We made a motion to substitute. The defendants made a motion for lack of subject matter jurisdiction. Under the court's rules, we were required to go into the court to explain why we thought we should make the motions. He gave us his blessing. We made the motions. All in all, maybe six weeks. But the important point is that federal rules are designed not only to cure things in advance. I mean, you really can't always cure things in advance. They're designed to allow ratification. So from August 22nd, just to go back to just Pooler's question, August 22nd is when the merger transaction closes, and so presumably Klein loses standing at that point? She loses her economic interest. We don't think she ever lost standing, but yes. Loses her economic interest. Yes. And the stay is lifted, but then Klick retains counsel in November 2016. So there's about a month and a half, two months, okay. Yes.  It was crucial to the determination of what to do with this case. Had Judge Ramos decided against us and dismissed that related case, this case probably wouldn't have gone forward. So we were trying, it was a judicial economy action basically to stay the case, and all the parties agreed because it was silly to litigate the same motion in two different cases. But the important point, and I just want to touch on this notion that somehow you can cure these things in advance, but you can't cure them retroactively. The whole point of this statute, advanced magnetics, Judge Sullivan's decision in House, European House, which is that if there's jurisdiction ab initio, if in the beginning there's jurisdiction, you don't lose it if there's another plaintiff to come along and take over. The real party in interest, James. Yes. In this case, the absolute paradigm of the real party in interest. Representing its shareholders, where 16B is designed to give standing of signal breath in Gallus versus Mendel, where come in and done exactly what the issuer was supposed to do, take up the fight and to, if there's insider trading, which we think there was, to disgorge the profits. So the circumstances here, I think Judge Ramos erred in finding there was a loss of subject matter jurisdiction. He relied on Gallus, and Gallus is arguably in favor of the appellants here, not the appellee. Because in Gallus, the court was dealing with a similar situation, and it found jurisdiction and standing where the plaintiff, where there's a reorganization, the plaintiff became a shareholder of a new entity, which became the parent of the issuer. Judge Ramos held in the alternative under Rule 17. Yes. Correct? Well, he didn't rule. He put in a footnote that said even if he had the opportunity, he would have denied. We got the benefit of that analysis. Is there anything, first of all, to prevent us from dealing with that issue, that non-merits issue, first? No, there is no reason not to do that, and we urge you to do that. And one of the reasons, as I understand it, or the main reason that he ruled as he did under Rule 17, is that there was an absence of any honest mistake. Yes, sir. Right? Yes. And we said, our colleague Judge Sachs said in Cortland, that a mistake is what we really look for in the context of Rule 17. And how can, if that's right, and maybe you're going to tell me that I'm wrong about that, how can we call the district court's conditional denial of the Rule 17A3 substitution motion an abuse of discretion? Because the facts and circumstances here don't lead to a consideration of honest mistake. It's an advisory, I believe it's not a binding requirement, that what it is, is an attempt to avoid gamesmanship. So that if a plaintiff comes in knowing that he's really not the right plaintiff, but he's serving as a placeholder to keep the case alive for one reason or another. Was there a mistake in naming Klein as the plaintiff instead of Flick? I can't call that a mistake, no. Flick turned it down, right? They didn't want it. We made, the statute requires us to make a demand, the plaintiff shareholder. We made the demand. Click declined to proceed with the lawsuit, relying on the shareholder to continue the case. What prevents us on appeal from dealing with the Rule 17 issue? I take it this is what you want, maybe. Yes. As opposed to the issue relating to subject matter, jurisdiction, standing, mootness, however you want to describe it. Well, in an earlier argument, you referred to metaphysical issues. The judge seemed to, well, he did. He concluded that because he had no jurisdiction, he couldn't decide it. But the short answer to your question is we'd be very happy for you to decide that in the circumstances presented in this case where there's no prejudice to the defendant at all, this case has not moved one iota from the day the complaint was filed, that honest mistake doesn't fit into this rubric. We could also, what I'm interested in is the question above that one, which is we could also decide on that basis against you. Yes, you could. I don't think you should, but you could. I just don't think honest mistake work fits here. This is a changed circumstances. I mean, if you look at the policy behind the statute, the 16B, it's designed to have these cases decide on the merits. And if you look at advanced magnetics, which is now the standard in this, if there's jurisdiction, what's the harm in letting this case go? There's been no loss of jurisdiction. This seems to me the kind of case that liberal change of plaintiffs is exactly designed for. Counsel, you're reserved three minutes for rebuttal. Thank you. We'll hear from, is it Cadian? Yes, Your Honor, it's Cadian. May it please the Court. James Tice on behalf of Appelese. There's no dispute in this case that when Klein filed her motion to substitute Click as a plaintiff, she had already lost her personal stake in the lawsuit months earlier. The district court therefore correctly concluded that it lacked jurisdiction at that time. You heard the argument, she may have lost her personal stake, but the court didn't lose jurisdiction over the original complaint or the facts, which were the same when Click was substituted. Isn't that true? The same facts, the same complaint? It was the same facts, but the only plaintiff in that complaint was Terry Klein, and this court and the Supreme Court are very clear that when a binding precedent, when an intervening circumstance deprives a sole plaintiff of her constitutional personal stake in a lawsuit at any point, the action can no longer proceed and must be dismissed at that time. Are you aware of advanced magnetics written by one of the judges on this court? I am. I believe that said substitutions should be liberally allowed when the change is merely formal and in no way alters the original complaints, factual allegations, as to the events or the participants. I am aware of that case, Your Honor. Tell me why that shouldn't prevail here. Because advanced magnetics did not present an Article III issue. In that case, there was a partial assignment of claims. Both the plaintiff and the assignees had asserted claims, and the question was whether or not the plaintiff who had partially assigned these claims could maintain the claims of the non-appearing assignees before the court. And what the court held was that in that circumstance, where there was clearly a case or controversy by the plaintiff in front of the court, there was no issue with allowing 17A. That is appropriate in that circumstance. It did not present the circumstance here where the only plaintiff's only claim, there's no standing on that claim. Or alternatively, that claim had become moot months earlier. And my friend on the other side, I think a moment ago, said that these rules can be used to either cure something before or after, but you can't always cure something before. To be clear, in this case, Click had ample opportunities to cure this problem before Klein lost her personal stake in the jurisdiction. That's not really your argument, right? You're making a very formalistic, what I would call an electrician's argument, which is that once the circuit's been broken, i.e., the plaintiff doesn't have standing, then the whole thing comes to a halt, and there can be no motion even to amend, right? That's correct. And that has been rejected, or at least questioned, as unnecessarily rigid by some, right? Including Wright and Miller. I don't believe it's been questioned in any of the cases they've cited. No, it was questioned, forget Wright and Miller, it was questioned by Judge Sack in Courtland. That's true, in a concurrence in that opinion. But there's no need to reach that issue in that opinion, which is why Judge Sack addressed it only in the concurrence. But I will point this court, for example, to the Valden case. It's an unpublished decision, but it's factually similar, and therefore persuasive is why I bring it up. It's also very recent. It was 2017. It presents identical circumstances to this case, where a plaintiff had filed suit, lost standing during the course of the litigation. At that time, when the other side had brought a motion to dismiss, the plaintiff in Valden moved to substitute the real party in interest under 17A, and the court said that at that time, there was no standing by the plaintiff to file the motion, and the case was a nullity at that time. It presents very much the factual. Would it be falling off of a cliff if we ignore the subject matter, what's described as a subject matter jurisdiction issue, and focus instead on Rule 17? Would we be making a legal error? No, Your Honor. I think as long as you are affirming the decision below, which was a dismissal. Well, just to be clear, if you're affirming the decision below, which was a dismissal on a 12B1, a lack of jurisdiction, you can address the 17A issue before addressing jurisdiction. 17A is a non-merits issue. 17A is a procedural issue, but it's the same thing that happened in Cortland, Your Honor, where the court was affirming a 12B1 dismissal, and it did so because Rule 17A could not have cured the lack of standing. You could do the same thing here. But rigid formalists generally get hung up on stuff like this. So if there is no standing, then how can we sort of jump that question because it's hard and do what we did in Cortland and get to what might be the easier basis for affirming? Well, I think it was exactly what happened in Cortland, Your Honor. But I would think rigid formalists would sneer at what happened in Cortland. Well, I think it was affirming a jurisdictional dismissal. That's the way I understand what was happening in that case. They said essentially that adding a new party would have destroyed subject matter jurisdiction. So whether you wanted to affirm on that ground or whether you wanted to affirm on the ground that there was no standing to begin with. But we don't have that here, right? You don't, Your Honor? Our alternative grounds is not a jurisdictional one. It's just non-abusive discretion. It's basically saying the footnote on the last page was good enough. Well, that's what I mean. Your Honor, I think if you want to take that rigid formalist view, you would have to decide the jurisdictional issue either way. But the way I understand Cortland is that because it was affirming a jurisdictional dismissal, it was able to look at the Rule 17 issue because it didn't change the judgment below, which was a dismissal from lack of standing. Do you think we can flip the order and rely on the footnote in affirming? I think you can based on what happened in Cortland. But ordinarily this court does, and indeed we ask you to, look at the jurisdictional issue. When the second non-jurisdictional issue is a merits issue, have we ever said in light of Steele that we can't review the second non-jurisdictional issue when it's a procedural issue? I'm not aware, Your Honor. And again, that seems to be exactly what happened in Cortland. So I think that is possible to do. But just, again, to go back to what I was saying before, to be clear here, the other side had multiple opportunities to substitute in at a time when Klein indisputably still had jurisdiction over her claim, which was the only claim in the lawsuit. She had asked Click to file suit. Click had the opportunity to do so. Click declined. So at that point, Section 16b gives individual shareholders a personal statutory right to bring a cause of action. That was the case or controversy between the plaintiff and the defendant at that time. Now, Click itself was the one that announced the merger in June 2016. It said that three months from now, all of the shareholders are going to be cashed out. And so no one was better positioned than Click to know at that time that this cause of action might be lost unless Click intervened or joined at that time. And, in fact, Rule 17a.3 is called joinder of a real party in interest. It addresses party joinder. The harm is the same harm that's recognized in Rule 17a's advisory notes and in the DeKalb case, which is a very recent case from 2016 in this court, which is that the statute of limitations was running at that time. By the time Click tried to intervene in the suit, the statute of limitations had already run on... They have to be joined in the original suit so it could relate back. That is what they were trying to do. Now, at any time, including... You don't deny that Click is the real party in interest in this case. That's the way that it's been described in the Donohue case. You don't object to that description, do you? I don't. All right, go on. But Click had the opportunity as the real party in interest. And, again, Rule 17a.3 is called joinder of the real party in interest. It presupposes that there's a valid existing suit at that time. Can I interrupt for a second? Sure. The rule says the court may not dismiss an action for failure to prosecute in the name of the real party in interest. Does this even apply here? That's not why this was dismissed. Yeah, I'm not sure it does, Your Honour. And, in fact, 17a.1 provides that when allowed by statute, a party is ordinarily allowed to prosecute, notwithstanding that there's a real party in interest elsewhere. So it's unclear to me whether 17a. was even an appropriate procedural mechanism for this party to have tried to substitute in at the late date. But even after the merger had occurred, Click could have filed its own motion, or excuse me, its own lawsuit, and preserved most of its claims before the statute of limitations had run. It did not do so. We think that it cannot now rewrite Article 3 based on its own litigation mistake. Thank you. Thank you. Thank you. Mr. Wexler, you're reserved. Excuse me, Your Honour. Yes. I wanted to address this business specifically about Cortland and Steele. In Steele and Cortland, the reason that jurisdiction was the issue was because the question was, was it jurisdiction ab initio? What advanced magnetics and its progeny teach us, and other cases all throughout the courts, is that once you have that jurisdiction, you can deal with issues that come up from time to time. In class actions, for example, plaintiffs are continuously changed all the time. Judge Posner said it's a routine feature. In derivative actions, we could find no case where a court has ever said that the corporation in a derivative case couldn't be substituted in for a shareholder. We couldn't find any case where it said that a class action would have to be dismissed where there was a willing new plaintiff come in to take the case. We all know these cases go on for decades sometimes. Your adversary has actually more or less acknowledged that. Right. So CLIC could have come in within the statute of limitations. Well, CLIC was in the case. CLIC is a nominal defendant in the case. The case was brought on behalf of CLIC. It's CLIC's money. And the statute anticipates and encourages shareholders to sue on behalf of the corporation. In Saylor v. Bastetto, I'm not sure I got the name right, this court held that its substitution should be freely granted and it reversed the decision of the district court where they didn't allow the corporation to take over a case and said something to the effect that it would be strange if this would be the first time that this court has not allowed a corporation to bring a case in its own name. So CLIC has been in the case. There's been no Article III issue. Everybody knows what this case was going on. There's no prejudice to them and there's no surprise to them. So what this is is a very, very, very inventive argument that somehow or another because a representative plaintiff lost her shares that somehow the whole case is forfeited. When you have what is essentially a legion of cases and many rules designed to avoid exactly that outcome. And once again, I questioned the court to look at House of Europe. Judge Sullivan decided where you said that the reason you could allow ratification was because there was one sentence being changed in the complaint and because there was no prejudice and because unlike in Cortland, there was jurisdiction at inception. In that case, the party ended up having standing. Sorry? In that case, as I understand it, the party ended up having standing. That was the determination. Yes. Well, we have standing here. That's what Judge Remov said. He said under the Bulldog case, the plaintiff client had standing, but she lost it because she lost her shares. And we just don't think that's the law and we think that the ramifications in the court system, if now every single time a representative plaintiff loses interest in a case, gets hit by a truck or whatever reason, the case is dead is not exactly what the federal rules were designed to provide. Well, does 1783 apply in your view? Yeah, we think so. I mean, it's sort of. The case wasn't dismissed for failure to prosecute in the name of the real party. It was dismissed for a reason altogether, right? It doesn't say that. It says the court cannot dismiss a case for not being a real party in interest unless the opportunity is given for the real party in interest to come in. We viewed that that was the groundwork for substitution. All we wanted to do was to move a defendant to the plaintiff, a nominal defendant to the plaintiff. It's done routinely in diversity cases where the court realigns the parties. That's what we were all doing. That was exactly what we were trying to do here. But the important thing is this. Sorry? Are you familiar with our IndyMac case? I'm sorry, I'm not. So if there are no questions. Thank you, counsel. Thank you. Reserved decision. The next matter on our calendar is.